PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BENJAMIN ADLER,

                      Plaintiff,

                    -against-

P.O. CARLOS FERMIN, P.O. JASON STAHL,
P.O. HERIBERTO CRESPO, SGT. EASTERBROOK,
CAPT. REYMUNDO MUNDO,

                      Defendants.
-------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

Jury Demand

14 CV 7924 (JPO)

       Plaintiff BENJAMIN ADLER by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

### PRELIMINARY STATEMENT

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

       2.    The action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

       3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County, City and State of New York.

7. The individual defendants are employed by the NYPD and are sued in their individual, official and supervisory capacities because they were acting under the color of state law.

## FACTS

8. On November 3, 2013, plaintiff was a passenger in the subway en route to his home.

9. Around 12:15 a.m., an unknown individual is alleged to have called the police claiming that plaintiff had a gun.

10. Thereafter, the defendants Fermin and Stahl assembled and stormed the subway-car in which plaintiff was a passenger.

11. Defendants Fermin and Stahl yanked plaintiff from his seat and dragged him on to the platform.

12. Defendants Fermin and Stahl then threw plaintiff face first onto the platform and placed their knees on plaintiff's shoulder blades.

13. Fermin and Stahl then yanked plaintiff's arms behind his back even though they knew that it was painful to do so, especially with their knees on plaintiff's shoulder blades.

14. Once plaintiff was cuffed, defendants Mundo, Easterbrook and Crespo arrived on the scene.

15. One of the defendants then proceeded to kick plaintiff's face with his boots.

16. Plaintiff was unable to see which defendant had kicked him.

17. One of the defendants then pressed his knees onto plaintiff's face that exacerbated his injuries which he had already suffered.

18. Defendants had an opportunity to intervene and stop one of their fellow officers from further injuring plaintiff. Yet they simply stood there as plaintiff continued to be assaulted.

19. Plaintiff was then transported to District 3 command where he requested medical attention for his injuries.

20. However, plaintiff pleas for medical attention was ignored for several hours before he was finally transported to a medical facility for treatment.

21. Plaintiff was released after 30 hours and he went back to a different treatment facility to obtain proper medical care.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force)

22. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

23. There was no reason for the excessive or the type of force used on plaintiff. The injuries that he received as a result of the beating included but not limited to contusions, facial trauma, swelling for several days, pain and frequent pain and headaches to this day.

24. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure and free of excessive and unreasonable use of force was violated and he sustained physical injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights-Due Process to Medical Care)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26. Plaintiff suffered injuries at the hands of the defendants.

27. Plaintiff requested medical care for his injuries.

28. Plaintiff informed defendants that he was in excruciating pain and the defendants saw the severity of his injuries.

29. Despite being aware of the nature and seriousness of the injuries and despite knowing that plaintiff was suffering, defendants deprived plaintiff of timely medical care and the right to procedural and substantive due process, causing severe and permanent physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31. Defendant NYPD officers saw their fellow police officers assault and batter plaintiff.

32. Despite being able to, the NYPD defendant officers failed to intervene to prevent further injuries to plaintiff.

33. As a result of the NYPD officers' failure to intervene, plaintiff suffered physical and emotional injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Defendants fabricated and manipulated the evidence to deny plaintiff a fair trial.

36. Defendants knew that plaintiff was dressed up as a Halloween character Archer and that he had a toy gun.

37. Despite being aware of this, defendants charged plaintiff with Penal law 265.01(1) an A misdemeanor, knowing full well that plaintiff was not in possession of any of the items that could subject him to that charge.

38. As a result of this false charge, plaintiff was not given a desk appearance ticket and endured unnecessary time in custody.

39. As a result of this conduct, plaintiff's rights were violated.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       May 5, 2015

                PAWAR LAW GROUP, P.C.
                20 Vesey Street, Suite 1210
                New York, New York 10007
                (212) 571-0805,

                By: _____
                Robert Blossner, Esq. (RB0526)
                Vik Pawar, Esq. (VP9101)
                *Attorneys for Plaintiff*